UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEXTER L. BERRY, | ) |
| Plaintiff | ) |
| vs. | )   CAUSE NO. 3:05-CV-739 RM |
| DONALD BATES, *et al.*, | ) |
| Defendants | ) |

OPINION AND ORDER

Dexter Berry, a prisoner confined at the Westville Correctional Facility, filed a complaint in the LaPortre Superior Court, alleging that Indiana Department of Correction officials violated his federally protected rights. Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Because Mr. Berry is a prisoner as defined in § 1915A(c) and the defendants he seeks redress from are governmental officials, § 1915A requires the court to screen this complaint, even though he originally filed it in state court. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>    In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second,

> he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Berry alleges that the defendants violated rights protected by the Eighth Amendment and the Fourteenth Amendment's due process clause. According to the complaint a prison disciplinary board sentenced Mr. Berry to disciplinary segregation. Indiana Department of Correction official Charles Penfold ordered a rehearing because of a procedural error in the disciplinary charges. Mr. Berry asserts that he is still in disciplinary segregation but institutional officials have not conducted the rehearing.

Mr. Berry brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Berry asserts that keeping him in disciplinary segregation without a rehearing constitutes cruel and unusual punishment. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991).

Subject only to Eighth Amendment restrictions, "a state can confine a prisoner as closely as it wants, in solitary confinement if it wants." <u>Smith v. Shettle</u>, 946 F.2d 1250, 1252 (7th Cir. 1991). The Eighth Amendment deals with conditions of confinement, and nothing in Mr. Berry's complaint suggests that conditions on the disciplinary unit he is housed on constitute cruel and unusual punishment. That Mr. Berry may not have received a rehearing is, if anything, a Fourteenth Amendment claim, not an Eighth Amendment claim.

Mr. Berry asserts that he is confined in disciplinary segregation without due process. The Fourteenth Amendment's due process clause doesn't protect against every change in the conditions of confinement having a substantial adverse impact on a prisoner. <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995). A convicted prisoner is entitled to due process only when the conditions imposed work an atypical and significant hardship on him in relation to the ordinary incidents of prison life or where the discipline imposed infringed on rights protected by the due process clause of its own force. Merely transferring a prisoner from the general population to a segregation unit does "not present the type of atypical, significant deprivation

3

in which a state might conceivably create a liberty interest," and is "within the expected parameters of the sentence imposed by a court of law." <u>Sandin v. Conner</u>, 515 U.S. at 485. Accordingly, the due process clause does not require that Mr. Berry have received an initial hearing, let alone a rehearing.

Moreover, even if Mr. Berry were entitled to due process before being placed in segregation, he does not allege facts that would give rise to a Fourteenth Amendment claim. The procedural protections for prisoners who are entitled to due process are outlined in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), and are essentially advance written notice of the disciplinary charges, an opportunity to be heard and to present evidence and witnesses, and adjudication by a neutral committee that puts its findings on the record. <u>McKinney v. Meese</u>, 831 F.2d 728, 733 (7th Cir. 1987).

The attachments to his complaint establish that Mr. Berry filed an administrative appeal asserting a clerical error on the screening report that violated Indiana Department of Correction procedures. According to Mr. Berry, the case that was originally filed against him was designated as case number ISP 04-09-0309. The screening officer, however, wrote case number ISP 04-09-298 on the screening report.

<u>Wolff v. McDonnell</u> does not deal with policies or procedures established by prison officials and does not protect against clerical errors in prison disciplinary proceedings. That prison officials do not follow the procedures set forth by departmental regulations states no claim upon which relief can be granted so long as no <u>Wolff</u> right is implicated. <u>Bills v. Henderson</u>, 631 F.2d 1287 (6th Cir. 1980) (procedural rights in state prison disciplinary hearings created by departmental

4

regulations are not enforceable under § 1983). Mr. Berry's submissions don't suggest any doubt that he was charged with or that the screening report designated as case number ISP 04-09-298 related to the conduct report in case number ISP 04-09-0309. Accordingly, the due process violation asserted by Mr. Berry does not implicate any right established by <u>Wolff</u>.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the court DISMISSES this complaint.

SO ORDERED.

ENTERED: December 1 , 2005

<u>       /s/ Robert L. Miller, Jr.       </u><br>
Chief Judge<br>
United States District Court